STERRETT v. HOOVER BOND CO.

Ohio Appeals, 3rd Dist., Allen Co.

No. 478.　Decided June 27, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

677.　JUDGMENTS & DECREES—791.　Motions and Orders.

Where, through misunderstanding of counsel, judgment entry has, without authority, been spread on journal, court may properly order it expunged. Trial court has inherent power to strike such entry from journal at any time.

Error to Common Pleas.
Judgment affirmed.

Mackenzie & Weadock, Lima, for Sterrett.

M. C. Light and W. S. Jackson, Lima, for Bond. Co.

FULL TEXT.

JUSTICE, J.

The plaintiff in error here, was plaintiff below.

The action was originally brought in the Court of Common Pleas of this county to recover damages for the alleged wrongful conversion by defendant of certain household fur-

niture, the property of plaintiff. The case was tried to a jury and a verdict was returned in favor of plaintiff for $554.50. A motion for a new trial was filed, which, according to an entry, approved by counsel for defendant and filed with the clerk, was on January 11, 1926, overruled. On April 5, 1927, the trial court, upon motion of defendant, ordered the entry of January 11, 1926, stricken from the journal. This proceeding in error is prosecuted to reverse that order.

It appears that the verdict was returned during the September term, 1925, to wit: December 8, 1925; that the motion for a new trial was filed during the September term, 1925, to wit: December 12, 1925; that the entry overruling said motion and entering judgment on the verdict, was entered during said term, to wit: January 11, 1926; that the motion to strike the entry of January 11, 1926, from the journal was filed during the January term, 1926, to wit: April 2, 1926, and was overruled during the April term, 1926, to wit: September 18, 1926; that an application for a rehearing of the motion to strike the judgment entry from the journal, was filed during the April term, 1926, to wit: September 24, 1926; that said application for a rehearing was sustained during the January term, 1927, to wit: February 5, 1927; and, that the order expunging the entry of January 11, 1926, from the journal of the court, was made and entered during the April term, 1927, to wit: April 5, 1927.

It further appears that the motion for a new trial was assigned for hearing on January 8, 1926; that counsel for defendant was ill and by reason thereof was not present in court when the motion was called; that counsel for plaintiff was present and informed the court he did not care to be heard on the motion and that unless counsel for defendant desired to be heard, "the court could decide the case—overrule the motion"; that on the following day, according to counsel for plaintiff, he met counsel for defendant and told him that unless he wanted to be heard on the motion, it would be overruled; and that counsel for defendant then stated, "Well, that is all right, leave it that way"; that counsel for plaintiff then prepared an entry overruling the motion for a new trial and entering judgment on the verdict and caused it to be submitted to counsel for defendant; that counsel for defendant approved the entry; and, that thereupon it was filed with the clerk. It further appears that counsel for defendant denies he told counsel for plaintiff that it would be all right for the court to overrule the motion, but admits that he approved the entry; that he approved the entry under the belief that the court had overruled the motion; and, that if he had not so believed, he would not have approved it.

It further appears that sometime after approving the entry, counsel for defendant was told by the trial judge that he had not passed on the motion for a new trial, and that if counsel for defendant desired to argue the motion the court would hear him; that counsel for defendant told the court that he did want to be heard on the motion; that thereupon the trial court assigned the motion for a new trial for hearing; that on the day the motion was assigned for hearing, counsel for plaintiff and defendant were present; that counsel for plaintiff told the court that he, after being told by counsel for defendant that he did not desire to be heard on the motion, had prepared the entry in question, had obtained the approval of counsel for defendant thereto, and had filed it on

## STATE SUPREME COURT
### NEW CASES, PROCEEDINGS AND DECISIONS

January 11, 1926, with the clerk.

It is the contention of counsel for plaintiff that the trial court erred in striking the entry of January 11, 1926, from the journal, for the reason that the discretionary power of the court over its own orders and judgments ends with the term; that the power of the trial court to vacate its judgment after term, on motion, is controlled by Section 11631, General Code, and that said Section 11631, General Code, is not applicable to the case at bar.

It is the contention of defendant that the entry of January 11, 1926, is false and therefore could be stricken from the journal of the court at any time.

As I see this case it is not necessary for us to determine whether the trial court did or did not have power, under Section 11631, General Code, to make the order complained of.

Concededly, the trial court has neither passed on the motion nor entered judgment on the verdict.

Through a misunderstanding of counsel, the judgment entry was spread on the journal. It ought not to have been placed there, since the entry was not made with authority, and the court properly ordered it to be expunged. The trial court had inherent power to strike said entry from the journal at any time. Freeman on Judgments, Section 226.

Holding these views, it follows that the judgment of the Court of Common Pleas should be affirmed.

Crow and Hughes, JJ., concur in the judgment, being of opinion that the vacated judgment was entered by mistake of the clerk, and that when in fact no such judgment had been pronounced by the court, the trial court had power under Section 11631, General Code, to correct its records at the time it was corrected. Elliott v. Platter, 43 OS. 198.